[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND OTHER PENDING MATTERS
The plaintiff, Hudson United Bank, instituted the present action seeking to recover suns due on an unpaid loan made to the defendant, Cinnamon Ridge Corp. There was no doubt that the loans were made and not repaid and the central issue in the litigation involved a claim that, as part of the original loan transactions, a handwritten document constituted a contract made by the plaintiff which it failed to honor.
The parties had an existing banking relationship which, in part, involved the development of the defendant's subdivision in Torrington, Connecticut. In June of 1998, after prior negotiations, the parties met to discuss the indebtedness of the defendant to the plaintiff. The parties then entered into an agreement whereby the defendant executed a promissory note for $400,000 and, as security for the note, collaterally assigned to the plaintiff the defendant's interest in certain second mortgages on properties located in the subdivision. The defendant also agreed to stipulate to the entry of a "friendly foreclosure" of the defendant's interest in certain residential building lots located in the subdivision. The parties also signed a handwritten document which provided to the defendant an exclusive listing agreement to sell the foreclosed properties and a right of first refusal to purchase the properties after foreclosure.
The defendant submitted testimony, which the jury was entitled to find, that the agreement regarding the exclusive listing and the right of CT Page 5854 first refusal were material elements to the entire agreement and that the defendant would not have entered the agreement were it not for the existence of those provisions. At trial, the plaintiff claimed the handwritten document was subject to approval at the home office of the plaintiff; that such approval was not given; and therefore the document did not constitute an existing agreement.
Following the foreclosure of the properties, the plaintiff sold the properties subject to the foreclosed mortgages to third parties and did not provide the defendant with an exclusive listing agreement nor did it provide the defendant with an opportunity to purchase the properties. Thereafter, the defendant ceased making payments on the note and the bank executed its rights under the collateral security agreement and notified the property owners of the second mortgages to make payments to it and not to the defendant.
The defendant filed special defenses and a counterclaim to the complaint asserting the plaintiff's conduct constituted a breach of the terms of the handwritten agreement, a breach of the covenant of good faith and fair dealing and a violation of Connecticut's Unfair Trade Practices. The plaintiff in turn filed defenses to the counterclaim asserting lack of authorization for the handwritten letter, lack of consideration, release and the unenforceability of the handwritten letter.
The jury returned a defendant's verdict on the complaint and awarded the defendant a verdict on the counterclaim in the amount of $190,000. The jury also answered interrogatories stating that the defendant was not liable to the plaintiff on the note; that the handwritten agreement was an enforceable contract; that the plaintiff had breached that contract; and that the plaintiff violated the covenant of good faith and fair dealing. The interrogatories also stated that the plaintiff did not violate the Connecticut Unfair Trade Practices Act.
The sole issue raised by the plaintiff in its motion to set aside the verdict is that there is insufficient evidence to warrant the jury's finding that the defendant was not liable to the plaintiff on the note and therefore the plaintiff seeks a new trial on that issue alone. There is no claim made by the plaintiff with respect to the counterclaim or to any errors in admission or rejection of evidence or to any instructions given to the jury by the court.
The jury was entitled to find, based upon the evidence, that the loan agreement, the note, the collateral security agreement and the handwritten agreement all constituted component parts of one agreement. The jury found that that agreement was breached by the plaintiff and was CT Page 5855 entitled to find that when the plaintiff exercised its rights under the collateral security agreement with respect to the second mortgages it acquired mortgages valued in excess of the amount of the note. The jury was then entitled to conclude that the defendant was not liable to the plaintiff on the note.
The plaintiff claims that certain arguments made by the defendant constitute a claim that the note was paid and payment was not alleged, therefore the defendant could not take advantage of those claims. While the defendant has moved to amend its answers so as to allege a special defense setting forth various factual allegations, all of which were admitted into evidence without objection, the court does not view the proposed amended special defenses as alleging "payment." However, the court does allow the amendment so as to conform the pleadings to the proof. See Saphir v. Neustadt, 177 Conn. 191, 206 (1979).
The second count of the complaint also seeks a declaratory judgment as to the ownership of the second mortgages. At the beginning of the trial, the court stated it would decide that question after the verdict was rendered. In accordance with the relief requested by the plaintiff, the court hereby declares that the plaintiff is the owner of the second mortgages.
RUSH, J.